# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## No. 20-4023

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEORGE ADDAE, a/k/a JC, a/k/a JR, a/k/a Crip, a/k/a Kevin,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:19-cr-00188-AJT-1)

Submitted: September 29, 2020           Decided: October 19, 2020

Before FLOYD and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert Lee Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alejandra Arias, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Addae pled guilty to conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to concurrent sentences of 240 months' imprisonment. On appeal, Addae contends that the district court abused its discretion by denying his motion to withdraw his guilty plea. For the following reasons, we affirm.

We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). A criminal defendant may withdraw a plea after it has been accepted by the district court if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant does not have an absolute right to withdraw a guilty plea, *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019), and "bears the burden of demonstrating that withdrawal should be granted," *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted). The district court considers a variety of factors when deciding whether the defendant has met his burden, *see United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), but "a properly conducted Rule 11 guilty plea colloquy . . . raises a strong presumption that the plea is final and binding," *Nicholson*, 676 F.3d at 384 (brackets and internal quotation marks omitted). After reviewing the record on this point, and reviewing all of the *Moore* factors, we conclude that the district court did not abuse its discretion in denying Addae's motion to withdraw his plea.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*